```
                    FILED  ___ LODGED
                    RECEIVED ___ COPY

                    MAR 29 2002

                    CLERK U S DISTRICT COURT
                    DISTRICT OF ARIZONA
                    BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Crane, an Arizona Resident, Matthew and Markson, Ltd., an Antigua Corporation,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>NeuStar, Inc., et al.,<br><br>　　　　Defendants. | No. CIV 01-1245-PHX-JAT<br><br>**ORDER** |

　　　Pursuant to Defendants' motion at oral argument on Defendants' Motion to Dismiss, the Court converted Defendants' 12(b)(6) motion to a Rule 56 Motion for Summary Judgment in its Order filed March 6, 2002 (Doc. #28), and ordered supplemental briefing within 20 days of that Order. By Minute Entry on March 11, 2002, the Court clarified that the parties shall file with the Clerk, and hand deliver or fax to chambers by 5:00 p.m. on March 26, 2002, their supplemental memoranda and any other materials made pertinent to the converted Motion for Summary Judgment.

　　　Defendants filed a Supplemental Memorandum in Support of its Court-Converted Motion for Summary Judgment (Doc. # 33), incorporating by reference their arguments in their Motion to Dismiss and Reply briefs. Plaintiffs filed a Motion to Extend Time to File

Memoranda and to Enter a Scheduling Order (Doc. # 30).[1] Plaintiffs argue that they are without notice as to any supplemental bases in fact or law that may be asserted by Defendants in their supplemental brief. In converting Defendants' motion to dismiss to a motion for summary judgment, the Court did not intend to allow Defendants' to assert supplemental arguments. Rather, the Court provided the parties with a reasonable opportunity to present all material made pertinent to the arguments already advanced in that motion. However, because Plaintiffs have not submitted any materials, and instead, seek an extension to file their supplemental memoranda, the Court is inclined to deny Defendants' Motion to Dismiss as moot, and treat Defendants' Supplemental Memoranda (and the arguments incorporated by reference) as the Motion for Summary Judgment pending before this Court.[2] As requested by Plaintiffs, the Court hereby sets a briefing schedule pursuant to Local Rule 1.10(l)(2); however, Plaintiffs' request for oral argument will not be granted at this time.

Accordingly,

**IT IS HEREBY ORDERED** denying Defendants' 12(b)(6) Motion (Doc. #5) as moot;

**IT IS FURTHER ORDERED** that the Clerk shall docket Defendants' Supplemental Memorandum in Support of its Court-Converted Motion for Summary Judgment (Doc. #33) as a Motion for Summary Judgment;

**IT IS FURTHER ORDERED** granting Plaintiffs' Motion to Extend Time to File Memoranda and to Enter a Scheduling Order (Doc. # 31); Plaintiff shall have 30 days file a response to Defendants' Motion for Summary Judgment; Defendants shall have 15 days to file reply;

---

[1] The Court notes that both parties failed to comply with the Minute Entry ordering the parties to hand deliver or fax their supplemental memoranda to chambers by 5 p.m. on March 26, 2002.

[2] Nothing herein will affect either party's ability to file a motion for summary judgment at a later date.

1 **IT IS FURTHER ORDERED** that in the event that Defendants' Motion for Summary Judgment (Doc. #33) is denied, Defendants shall file an answer within 20 days of the Order denying that motion.

DATED this 28 day of March, 2002.

_____
James A. Teilborg
United States District Judge

- 3 -